# The Chicago, Milwaukee and St. Paul Railway Company

## *v.*

## Benjamin Melville.

1. Right of way—*compensation confined to money.* In a proceeding to condemn land for a right of way, the compensation to be ascertained by the jury for the taking of the land must be, in terms, money, and the jury have no power to prescribe the performance of other acts by the petitioners, such as fencing the road, making crossings, etc.

2. Bill of exceptions—*matters preserved in record without.* The report of the jury of the damages assessed by them in favor of the owner of land in a proceeding to acquire a right of way, and the judgment of the court thereon, being a matter of record, will be taken notice of by this court without a bill of exceptions.

3. But an application to change the venue of a cause is not a part of the record, unless made so by a bill of exceptions.

Appeal from the County Court of Lake county; the Hon. John L. Turner, Judge, presiding.

Mr. Joseph L. Williams, for the appellant.

Mr. W. S. Searls, for the appellee.

Mr. Justice McAllister delivered the opinion of the Court:

This was a proceeding under the eminent domain act of 1872, to condemn appellee's land for right of way for appellant's railroad. There was a trial by jury, and a report made by which the jury ascertained appellee's damages to be $1450, and, in their report, superadded to these damages that appellant was to provide, maintain and keep open at all times two under crossings in the lot north of the public highway, one crossing on the north side of the contemplated piling, on hard ground, and one on the south side of said lot, within

eight rods of the north side of said public highway, said crossings to be of sufficient size to admit of the free passage of all kinds of stock, appellant also to put in a good and sufficient overcrossing in the lot on the south side of said public highway, at a point designated by appellee, and also to erect a good and substantial board fence on both sides of said railroad track, through appellee's farm, to erect all necessary cattle-guards on said farm on the line of said railroad, and maintain and keep in good repair said crossings, cattle-guards and fencing during the occupancy of said line of railroad on said farm.

Judgment was entered in accordance with the verdict, and the railroad company brings the case to this court by appeal.

It is perfectly apparent from the 9th and 10th sections of the act of 1872, (Session Laws, 404,) that the compensation to be ascertained for taking land for public use must be, in terms, of money.

The specific acts and duties reported by the jury, made a part of the judgment, and thereby required to be performed by the appellant, though well intended, were beyond the power of the jury to prescribe.

The report and judgment being matter of record, the question of excess of power can be raised without bill of exceptions.

Appellee asks that, if the judgment be reversed, this court will direct the county court to order a change of venue. As there is no bill of exceptions, and an application to change the venue not being a part of the record without being made so by a bill of exceptions, we can not consider that question.

The judgment of the county court must be reversed, and the cause remanded for further proceedings.

*Judgment reversed.*