## THE PUEBLO & ARKANSAS R. R. CO. *v*. RUDD *et al*.

### (*Supreme Court of Colorado, April Term, 1880.*)

EMINENT DOMAIN. The report of the commissioners, or the verdict of the jury in every case must strictly comply with the requirements of the statute.

POWER OF THE COURT extends to setting aside the report when it does not in substance comply with the requirements of the statute.

ELBERT, C. J. This was a proceeding instituted by the appellant company to acquire the right of way over land of the appellees, under the provisions of chapter 31, General Laws, (p. 396), entitled "An act to provide for the exercise of the rights of eminent domain."

Section 18 of the act provides that "the report of the commissioners or the verdict of the jury in every case shall state: First, an accurate description of the land taken; second, the value of the land or property actually taken; third, the damages, if any, to the residue of such land or property; and fourth, the amount and value of the benefit."

It is assigned for error that the commissioners appointed to ascertain the compensation proper to be made to the owners, failed to comply with the requirements of this section, in that

they did not state in their report "the amount and value of the benefit."

Upon the incoming of the report, the appellant moved to set aside, and for a re-submission.

The failure to comply with the statutory requirement appears upon the face of the record   When the assessment is made by commissioners, the statute makes no provision for excepting or in any manner objecting to their report.

Notwithstanding the silence of the statute, the power of the court or judge to set aside the report when it does not in substance comply with the requirements of the statute, or re-submit and direct a further finding in accordance with such requirements, is necessary to effectuate the objects of the statute.   It cannot be said that the court or judge must accept such report as the commissioners may choose to file, however little it may comply with the provisions of the statute.   This would be to defeat the law.

The report failing to show that the question of benefits was considered by the commissioners, we think it should have either been set aside or re-submitted to the commissioners for further action and amendment.

Statutory provisions touching the exercise of the right of eminent domain must be strictly pursued.   Dwarris, 381.

In California and Pennsylvania, under like statutes, it is held that the report of the commissioners should show on its face a strict compliance with the provisions of the statute.   *C. P. R. R. Co.* v. *Pearson*, 35 Cala., 247; *Ohio and Pennsylvania Railroad Co.* v. *Wallace*, 14 Pa., 247.

In the last case the same question arose respecting the report of the commissioners as is here presented.   Rogers, J., says: "The directions of the act so far from being directory merely, are as mandatory as language can make them.   The assessors are imperatively commanded, not as heretofore as in other acts, not only to consider in their estimate of damages the benefit as well as injury which the owner has sustained, but to spread on the face of their report, and make it part of the award, not only the value of the property taken or the damage done to it, but specifically to set forth the benefit, if any, accruing to the owner from the railroad, and the difference between the damage done to the property taken.   The object of the legislature evidently is, to put an end to lumping estimates of the compensation to which

the owner is entitled by making it the duty of the appraisers to show on the face of the report the means by which they arrived at the result of their estimate. And the provisions no doubt was introduced into the act for the benefit not only of the company, but of the owners of the land, furnishing data to the courts in whom is invested a supervisory power over the appraisement, by which they may more readily and certainly determine whether injustice is done by the award. *　　*　　* The appraisers wholly omit to mention the value of the advantages to the owner resulting from the road."

The award was set aside as not complying with the provisions of the act.

The Pennsylvania statute here considered required from the appraisers a report "setting forth the value of the property taken, or damages done to the property, the amount of benefit conferred, and the difference between the damages done to the property taken, which they assess to such owner or owners separately."

The language of our statute is equally explicit and mandatory as to what the report shall set forth. If the commissioners may omit one they may omit any finding which the law requires that they make and report.

If there were no benefits it should have been so reported, that the court might know, and the record affirmatively show that the matter of benefits was considered.

The decree of the court is reversed, and the cause remanded for further proceedings.　　　　　　　　　　　　　*Reversed.*