## Burlington & C. R. Co. v. Schweikart.

1. In a proceeding to set aside a report of commissioners awarding compensation and damages in a proceeding condemning lands for railroad purposes, it was alleged that an agreement granting a right of way over certain adjoining land, procured by the railroad company for the benefit of the owners injured, thereby connecting and improving the lands sought to be condemned, had not been taken in consideration by the commissioners in making their report. *Held*, that as such agreement was only a few months old, had not been recorded, nor in any way brought to the attention of the public, and there had been no use of the way by the public, it was of no effect as a dedication such as could benefit the owner. Nor can it be said that by virtue of such an agreement an easement attached, as appurtenant to the land sought to be condemned.

2. The constitution of Colorado (article 2, § 15), and the eminent domain act (Code Civil Proc., 74), contemplate a compensation in money to one whose lands are condemned for railroad purposes, and therefore, being inadmissible to reduce his compensation, the commissioners had no power to consider the agreement. The acceptance of such privilege cannot be compelled, but depends on the consent of the parties.

*Appeal from District Court, Arapahoe County.*

This is an appeal from a decree made December 9, 1882, by the district court of the second judicial district, sitting within and for the county of Arapahoe, in a proceeding instituted by appellant to condemn the lands of appellee for railroad purposes.   The appellant is a body corporate cre-

ated for the purpose of constructing and operating a railroad from Denver to the boundary line between the states of Colorado and Nebraska. The appellee is the owner of a tract of land containing about thirteen acres lying northerly of appellant's main line, and east and just beyond that portion of the city of Denver known as Elyria. Upon these premises appellee has a house and some other buildings. Near and in the vicinity of the house there is a small park and two natural lakes, and it is claimed that these and other attractions make the property valuable as a place of public resort. Before this proceeding was begun there was no access to this tract of land from any public highway or street. The adjoining lands were either a part of the public domain, or the fee was vested in individual proprietors, subject to no way or easement for appellee's benefit. To obviate this difficulty, appellee had purchased a strip of land one thousand three hundred feet or more in length, and about twenty feet in width. This strip of land ran along or near the southerly line of the southeast quarter of section 14, township 3 south, of range 68 west of the sixth principal meridian, to the corner of said section 14; and thence at right angles along the westerly line of said quarter section to a county road. By means of this strip, appellee had access from his premises to a highway. Appellant's main line crosses this strip about one thousand feet from appellee's premises, and this proceeding was instituted to condemn the small fraction of an acre (sixty-five thousandths) thus taken. At the point of intersection between the railroad and this strip of land there is a cut about twelve feet in depth. To use the strip as a way would require a considerable outlay, as it would be necessary either to construct a bridge, or, by excavating, to cross appellant's road-bed at grade.

It was claimed that, for the purpose of providing appellee a means of access to his premises, and thereby removing any inconvenience suffered by him by crossing

his intended way, appellant had obtained a grant of a strip of land fifty feet in width, which ran from the entrance to appellee's premises, in a straight line to a public and traveled street of the city of Denver, and that the means of ingress and egress thus provided to appellee was preferable to the narrow way which he had purchased, for the reasons that it was thirty feet wider, shorter by several hundred feet, and connected with a public street at a point very much nearer the city.

The alleged grant is as follows:

"That the said party of the first part, for and in consideration of the covenants and agreements hereinafter mentioned to be done, kept and performed by the said party of the second part, hereby grants, with said party of the second part, his successors and assigns, a right of way, for the use of the party of the first part, any and all persons, as a public highway," the following described parcels of land: Beginning, etc. (description of land),— to have and hold the same for the uses and purposes aforesaid. "And the said the Burlington & Colorado Railroad Company hereby agrees to and with said first party to grade said parcels as a highway, so that there shall be a gradual slope from the one hundred feet strip in width upon the line of the Burlington & Colorado Railroad, either way, to the extremities of the parcels aforesaid, and to make a good and sufficient roadway across said one hundred feet strip.

"In witness whereof," etc.

                      "JOHN A. CLOUGH.     [SEAL.]
                      "J. B. WESTON,       [SEAL.]
"Special Agent of the Burlington & Colorado Railroad Company."

This instrument was introduced by appellant, and read in evidence before the commissioners, to be by them considered in determing the question whether appellee's premises were injured by crossing his proposed private way.

The commissioners reported (1) that the land above described to be taken by plaintiff as aforesaid, and which was owned by defendant, is of the value of $31.50; (2) that the damage which results from the construction of said road, and the taking of said parcel of land by plaintiff, to the residue of the land of the defendant from which said parcel is taken, is $919.50; (3) that there is no benefit to the defendant in the premises, and we therefore report none.

Upon the coming in of this report a motion was filed in behalf of the appellant to set the same aside for the following among other reasons: (1) That said certificate of ascertainment and assessment was made by the commissioners aforesaid under a misapprehension of the law and the facts, in this, to wit: that the said commissioners, and each of them, supposed, at the time when they were deciding on the award to be made in the proceedings herein, that the roadway which it had been testified the petitioner had offered to defendant was not one which defendant could freely use, when in truth and in fact said roadway had been deeded by one John A. Clough to petitioner and its assigns for the use of the public as a highway, and the fact that it had been so deeded was in evidence before said commissioners, and when it was further in evidence that defendant knew of such conveyance long before the beginning of these proceedings.

The report of the commissioners was accompanied by the evidence taken upon the hearing before them.   Upon the hearing of the motion to set aside the report, the evidence in the cause was presented to the court, and petitioner, by its counsel, offered the testimony of George C. Roberts and George D. Norton, Jr., being two of the commissioners who made the same, to prove that the said board of commissioners had, through and by error and mistake, proceeded upon erroneous and illegal principles in making their said report and the award therein contained, in this, to wit: that said commissioners did not

consider, in making their said award and certificate, the agreement to convey to petitioner a strip of land to be taken, which said agreement was entered into between said petitioner and one John A. Clough, and is attached to the testimony, as hereinbefore appears, nor the offer made by petitioner to defendant of the use of said strip, but that the said commissioners rejected the same, and did not consider either said agreement or said offer in making their said award; and that said commissioners did not consider, in determining upon the amount of their said award, the fact that, by the terms of the agreement aforesaid, there was provided for defendant a road which would render unnecessary any expenditure by defendant in making any excavations as set out in the evidence of defendant hereinbefore fully set forth; and to further prove, by the testimony of said Roberts and Norton, that the award in said certificate contained was for an amount much larger than the said commissioners would have agreed upon had they proceeded upon correct and legal principles in their determination of the matters to them presented, to wit, the damages to be sustained by defendant by reason of the taking of the lands in the petition herein described. Objection was interposed to the introduction of this testimony by appellee's counsel, and objection was sustained and evidence excluded.

Mr. Edward O. Wolcott, for appellant.

Mr. H. E. Luthe, for appellees.

Elbert, J. Whether the existence of a public highway, affording ingress and egress to and from the premises of the defendant, would have been a fact to be considered by the commissioners in estimating the defendant's damages resulting from the destruction of his private way by the appellant company, is an inquiry we need not enter upon. We are of the opinion that no such public way existed. It is not claimed that the

agreement between Clough and the appellant company resulted in the establishment of a public way under the statute concerning highways in force at the date of the agreement. Gen. Laws, § 2375. This statute deals only with highways established in accordance with law. Nor can it be said that the agreement in question resulted in the establishment of a public way by dedication. In such case acceptance by the public is as essential as appropriation by the owner of the fee. Ang. Highw. § 157. The agreement bears date January 20, 1882, and was offered in evidence before the commissioners June 29, 1882. It does not appear to have been recorded, or in any other way brought to the attention or knowledge of the public, nor had there been any use of the premises as a way by the public. So far as the public at large was concerned it was an unknown and unaccepted appropriation. The agreement appears to have remained in the possession and under the control of the appellant company, and was subject to surrender and cancellation by the parties thereto. Washb. Easem. 139, and cases cited. Nor can it be said that, by virtue of the agreement, an easement attached as appurtenant to the estate of the appellee. Such an easement lies only in grant, or by implication of grant, or by prescription which supposes a grant by the owner of a servient estate, upon which the obligation rests, to the owner of a dominant estate, to which the right belongs. A parol license is insufficient. Washb. Easem. pp. 3, 6, 18, 28. The offer of the appellant company, through its agent, McCullough, to allow the defendant a right of way over the premises mentioned in the Clough agreement, was a mere verbal license, revocable at will. Washb. Easem. 5, 19.

It is claimed, however, that had this right of way offered to the defendant by the appellant company been considered by the commissioners in estimating and determining the damages to which the defendant was entitled, that the defendant would thereby have acquired a

right of way over the premises mentioned in the agreement by estoppel. It is unnecessary to go into the question of estoppel. Upon the part of the appellant company this was substantially a proposition to compensate the defendant, either in whole or in part, his damages for the destruction of his private way, by giving him another way which it claimed would equally serve his purpose. It is sufficient answer to say that the constitution (sec. 15, art. 2), and the eminent domain act (Code Civil Proc. 74), clearly contemplate compensation in money. It follows that the right of way over other premises offered by the appellant company was not an admissible compensation, either in whole or in part, under the constitution or the statute. In the absence of the assent of the parties, the commissioners had no power to consider the offer, or allow for it in their assessment of damages. As said in the case of *Hill v. Mohawk & H. R. Co.* 7 N. Y. 157: "Privileges of this kind must depend upon the agreement of the parties. The appraisers had no authority in the premises. They could neither compel the corporation to make the agreement, nor the owner to accept it." *Chicago, M. & St. P. R. Co. v. Melville*, 66 Ill. 329; *Chesapeake & O. R'y Co. v. Patton*, 6 W. Va. 147; *Railroad Co. v. Halstead*, 7 W. Va. 301; *In re Morse*, 18 Pick. 443; *Central O. R. Co. v. Holler*, 7 Ohio St. 222.

The court did not err in refusing to set aside the report of the commissioners on the ground assigned. The judgment of the court below is affirmed.

*Affirmed.*