DENVER & RIO GRANDE R. R. CO. V. STARK.

EMINENT DOMAIN — FAILURE OF VERDICT TO STATE BENEFITS.— In a trial to a jury to condemn the right of way through a tract of land under the eminent domain statute (Civil Code, sec. 254), where the court, although requested, refuses to instruct the jury that their verdict should be in language and form as provided in the act, and the verdict fails to state the amount and value of the benefit, if any, to the land not taken, as required by the act, and the court refuses to set aside the verdict and grant a new trial, the judgment will be reversed.

*Appeal from District Court of Montrose County.*

Messrs. WOLCOTT & VAILE and Messrs. BELL & GOUDY, for appellant.

Messrs. SIMMONS & WILSON, for appellee.

RICHMOND, C.   This was a proceeding instituted by appellant herein for the purpose of condemning a right of way through a tract of land owned by the appellee, H. M. Stark, and situate in the county of Montrose, Colorado.

To the petition answer was filed, and thereafter a jury selected for the purpose of determining the compensation to be awarded.   To the manner of selecting the jury appellant objected, and also to the instruction of the court. The trial resulted in a judgment for appellee for the sum of $1,368.   Motion to set aside the verdict and for a new trial duly made and overruled.

Many errors are assigned, but we think the only one to be considered is the error of the court in its instructions to the jury, and its refusal to set aside the verdict and grant a new trial.

The eminent domain act (Code Civil Proc., § 254) provides that the report of the commissioners or the verdict of the jury in every case shall state: *First*, an accurate description of the land taken; *second*, the value of the land or property actually taken; *third*, the damages, if any, to the residue of such land or property; and *fourth*, the amount and value of the benefit.

The judge, although requested to instruct the jury that their verdict should be in the language and form as provided by statute, declined to do so, and the verdict of the jury fails to state the amount and value of the benefit, if any, as provided by this act.

The record discloses that the jury in person inspected and reviewed the premises, besides hearing much testimony, and the statute contemplates that they should pass upon the question of whether or not the land of the defendant would be in any manner benefited by the construction of the road as contemplated by the petition. It is very evident from the record that the jury did not pass upon this question.

This court in the case of *Railroad Co. v. Rudd*, 5 Colo. 270, has settled the question here under consideration. In that case it is decided that the matter of benefits must be considered, and that the statute must be strictly pursued. Accepting that decision as conclusive of the question here, we are compelled to recommend that the judgment of the court below be reversed, and the case remanded for further proceedings.

BISSELL and REED, CC., concur.

PER CURIAM. For the reasons stated in the foregoing opinion the judgment of the court below is reversed.

*Reversed.*