Richmond, P. J.
This was a proceeding instituted by appellant herein for the purpose of condemning the right of way through a tract of land owned by the appellees, Knight and Steeger, situate in the county of Ouray, Colorado. To the petition answer was filed, and a jury selected for the purpose of determining the compensation to be awarded. The trial resulted in a judgment for appellees in the sum of $1,500. Motion to set aside the verdict and for a new trial duly made and overruled.
Several errors are assigned, but we think the only ones to be considered are, the errors of the court in its instructions to the jury, and its refusal to set aside the verdict and grant a new trial.
The Eminent Domain Act, Code Civil Procedure, par. 254, provides that, the record of the commissioners or the verdict of the jury in every case shall state:
1st. An accurate description of the land taken.
2d. The value of the land or property actually taken.
*220 3d. The damages, if any, to the residue of such land.
4th. The amount and value of the benefit.
The charge to the jury distinctly advised them what their verdict should state. In addition the judge advised them in the following language: “ In assessing benefits, if any, such benefits must be a special benefit to the land in controversy and not a general benefit common to ranches in general in the same neighborhood, and in this case there seems to be no evidence of any such benefits.”
The verdict of the jury is in the following language:—• “ First, we find the value of the land taken and described in the complaint to be $384, and we find the damages to the residue of the land or property to be $1,116; total $1,500.” We gather from the record and from the instructions of the court that the jury in person inspected and viewed the premises, besides hearing the testimony. The statute contemplates that they shall pass upon the question of whether or not the land of the defendant would be in any manner benefited by the construction of the road, as contemplated by the petition, and the verdict, whatever it may be, must embrace a finding on that question. It is evident from the record that the jury did not pass upon this question; this was error. The judge was not advised nor could he have been advised of the conclusion reached by the jury when they inspected and viewed the premises relative to the' question of benefits. The instruction advised the jury distinctly that there was no evidence of any benefits, thus taking from their consideration a question absolutely imposed upon them for their determination by the law.
The supreme court of this state in the case of Railroad Company v. Rudd, 5 Colo. 270, has settled the question here under consideration. In that case it is decided that' the matter of benefits must be considered and that the statute must be strictly pursued. Following this case, May 7,1891, in the case of The Denver & Rio Grande R. R. Co. v. Stark, 16 Colo. 291, the doctrine there announced was re-affirmed. Accepting these decisions as conclusive of the question, we *221 are compelled to direct a reversal of the judgment and remand the cause for further proceedings.

Reversed.