THE DENVER & RIO GRANDE RAILROAD COMPANY, PLAINTIFF IN ERROR, v. GRIFFITH, DEFENDANT IN ERROR.

1. EMINENT DOMAIN—PLEADINGS.—In proceedings under the eminent domain act, the cause is heard upon the petition,—no answer or reply thereto being necessary. This rule is subject to but one exception, which is to be found in that part of the statute providing for the filing of a cross-petition by any person interested in the property sought to be taken who has not been made a party to the action.

2. SAME—EVIDENCE UPON QUESTION OF COMPENSATION.—Upon the question of the compensation to be awarded to the landowner, it

is competent to show that the land has a special value for particular uses. In determining the real value of the property, it is proper that witnesses should give their opinions and state any special circumstances upon which such opinions are founded.

3. SAME.—The value of the land at the time of the trial should be ascertained and returned, not its value at the time of commencement of the proceeding.

4. BENEFITS—VERDICT SHOULD CONTAIN FINDING AS TO.—In all proceedings under this act, the jury is required to make return in its verdict, upon the subject of benefits.

*Error to District Court of Ouray County.*

Messrs. WOLCOTT & VAILE, for plaintiff in error.

Messrs. STORY & STEVENS, for defendant in error.

CHIEF JUSTICE HAYT delivered the opinion of the court.

This proceeding was instituted by the Denver & Rio Grande Railroad Company, plaintiff in error, under the eminent domain act, to condemn a right of way over a certain placer claim near the town of Ouray in Ouray county, Colorado, the property of the defendant in error, Emma V. Griffith. The proceeding was commenced by petition presented to the judge of the district court of the Seventh judicial district in vacation, upon which an *ex parte* order was made, giving plaintiff in error the right to take possession of said lands for the purposes indicated, upon making a deposit of $1,000 with the clerk of the district court of Ouray county. A motion to vacate this order having been interposed and denied, the cause was set down for hearing upon several different dates, but in each instance the hearing was continued from time to time. Before the cause was finally reached the defendant filed an answer to the petition. Upon the coming in of the answer the plaintiff asked for, but was refused, time for filing a reply to this answer. Thereupon evidence was taken and the cause submitted to a jury. The jury fixed the value of the land actually taken at the

sum of $1,920; and the damages sustained to the residue at $1,250. The verdict being silent upon the question of benefits.

By the first error assigned, plaintiff in error complains of having been forced to trial without sufficient time for preparation. An examination of the record shows that petitioner asked for additional time solely for the purpose of filing a reply to the defendant's answer, and the action of the court denying the same can more conveniently be considered under the next assignment of error.

By the second assignment of error, plaintiff in error complains that no opportunity was given it previous to trial to demur or reply, or to in any way raise the sufficiency of the defendant's answer. In determining this objection it is necessary for us to briefly call attention to the pleadings in condemnation cases. In order that the court to which the application is made may have jurisdiction, the statute requires that the petition shall state certain facts. It is, however, with one exception which will be hereafter noticed, entirely silent as to further pleadings. In the case of *Tripp v. Overocker*, 7 Colo. 72, it was held by the court that the statute furnished a complete system of procedure, differing in many essential particulars from that governing ordinary civil actions. If we look to this statute for the purpose of ascertaining the manner in which the issues are to be made up, we find that no provision is made therein for written pleadings other than the petition. It seems to be the intent and object of the act that the cause shall be heard alone upon the petition, no answer or reply being necessary. The only exception to this rule is found in section 12, which provides for the filing of a cross-petition by any party interested in the property sought to be taken or damaged by the proposed work, who has not been made a party to the action. It has been held that the language of this section is broad enough to permit the defendant to file a cross-petition, in case he has other lands that will be affected by the condemnation proceedings, not included in the petition. *Johnson et*

*al. v. F. & M. Ry Co.*, 111 Ills. 413.   In this case, however, there is no claim that the defendant had lands that would be damaged by the construction of the road, other than the land described in the petition.  Hence, there was no occasion for any pleading other than the petition.  In addition to this, the answer in this case, when carefully considered, will be found to amount to no more than a specific denial of the principal allegations of the complaint, and for this reason no reply thereto was necessary or proper.

By the next ten assignments of error, the rulings of the court in the refusing and admitting testimony at the trial are questioned.   The testimony objected to relates principally to the question of value.   The owner claimed that this property had a certain special value for particular uses, and against the objection of petitioner, was allowed to introduce evidence with reference to such special value.   We think there was no error in this.   In determining the real value of the property sought to be condemned it was proper for the witnesses to give their opinions, and any special circumstances upon which those opinions were founded; not that the jury should be absolutely governed by such testimony, but as aids, in order that the real value of the property might be ascertained.   Before the land of another can be taken for public use, the constitution requires that the owner be given just compensation therefor.   The compensation allowed should be sufficient to make the owner whole, and no more; that is, the difference in value of the property before and after the taking is complete.   In the case at bar it was shown that the property had an uncertain market value, and under the circumstances we think it was competent for the witnesses to be allowed to state to the jury the reasons upon which their opinions were based.

In the instructions given to the jury, errors were committed for which the cause must be reversed.   As we have before stated, this is a statutory proceeding and the statute must be strictly followed.   The statute provides that: "In estimating the value of all property taken, the true and act-

ual value thereof at the time of the appraisement shall be allowed and awarded, and no deduction therefrom shall be allowed for any benefit to the residue of said property; but in estimating damages occasioned to other portions of claimant's property or any part thereof, other than that actually taken, the value of the benefits, if any, may be deducted therefrom." Gen. Laws 1877, p. 396. In this case the jury were instructed to return the value of the land, at the time it was taken, on the 19th day of October, 1887, instead of the value at the time of the trial which took place in the following August. This was in direct violation of the statute and clearly erroneous. *Colo. Cent. R. R. Co. v. Allen*, 13 Colo. 229. In view of a new trial of the case, we call attention to the violation of the statute in another particular. By section 18 of the act, it is made the duty of the jury to make return upon the subject of benefits. The jury in this case made no return whatever upon this subject. In fact, the question of benefits was in no way submitted to them by the court in its charge. The statute should have been complied with in this particular. *D. & R. G. R. R. Co. v. Stark*, 16 Colo. 291. As the statute under which this appeal must be determined did not permit the filing of cross-errors, the cross-errors assigned will not be considered.

The judgment will be reversed and the cause remanded.

*Reversed.*