No. 15,686.

BOARD OF COMMISSIONERS OF JEFFERSON COUNTY
*v.* NOBLE ET AL.
(184 P. [2d] 142)

Decided August 11, 1947.

Mr. EMORY L. O'CONNELL, for plaintiff in error.

Mr. A. D. QUAINTANCE, Mr. E. B. EVANS, for defendants in error.

In Department, before: Mr. Chief Justice Burke, Mr. Justice Stone and Mr. Justice Hays.

Per Curiam.

These parties occupy the same relative position in this court as below. Plaintiff in error is hereinafter referred to as the Board, and defendant in error as Noble.

The Board brought suit pursuant to chapter 61, volume 3, '35 C.S.A., to condemn a portion of Noble's land, consisting of a strip 30 feet in width by 666⅔ feet in length, for public road purposes. Home Owners Loan Corporation and Burgess, public trustee, were joined as parties defendant by virtue of a deed of trust under which said strip and other land owned by Noble were conveyed as security for the payment of a promissory note. Noble demanded a jury of freeholders, and after trial, a verdict was rendered for: (a) $380.00 representing the value of the land actually taken by the Board; and (b) $100.00 damages to the residue of the land owned by Noble.

A motion for a new trial was duly filed and overruled. Judgment was entered upon the verdict for $480.00. To reverse that judgment the Board prosecutes this writ, assigning seven errors, as follows: (1) The giving of instructions 1, 2, 3, 4 and 6, damages to residue; (2) allowance of $100.00 damages to residue of Noble's land not taken, as improper, unsupported by the evidence, and contrary to law; (3) overruling motion for a new trial and entering judgment upon the verdict.

(1, 2) Noble testified and the evidence clearly shows: That prior to this proceeding the City and County of Denver had installed 160 feet of 12-inch tile pipe inside respondent's then existing fence for the purpose carrying irrigation and drainage waters from the road and her premises; that prior to the construction and widening of said road she requested the removal of pipe from strip taken and the placing thereof on her land, which was

refused, and the pipe was covered up during the progress of such construction and widening; that drainage waters now run into her runway, cellar, house, and chicken houses; that the pipe which was covered up would have taken care of all that water.

Counsel for plaintiff in error contends that instructions 1, 2, 3, 4 and 6 should not have been submitted to the jury, over objection, for the reasons that each and all of said instructions permitted the jury to consider and include in their verdict, damages to the residue of Noble's land not taken in this proceeding, when there was no such claim made by Noble, and when there was no evidence whatever of any damages to the residue resulting from the taking of said strip of land. Further, it is contended that the jury, in allowing $100.00 in their verdict for damages to the residue of Noble's land not taken, wholly disregarded the testimony at the trial, and, from their view of the premises, found evidence upon which such verdict was solely based.

The court's instruction No. 1 read in part: "By law you are required to return a verdict upon four matters of findings as follows, to wit: 1. An accurate description of the land taken; 2. the value of the land actually taken; 3. the damages, if any, to the residue; and, 4. the amount and value of the benefits, if any, to the residue * * *. The word 'residue' used in these instructions means the property not taken but which belongs to the respondent which is contiguous or adjacent and which the respondent uses as a part of the unit operation of her property." Such an instruction was not only proper according to the circumstances in this case, but was mandatory under chapter 61, section 18, vol. 3, '35 C.S.A., and the failure to include those things in the verdict would have been fatal. *Norris v. Pueblo*, 12 Colo. App. 290, 55 Pac. 747.

The court's instruction No. 2 was proper in that the burden rested upon the respondent to show by a preponderance of the evidence the present actual cash value

of the property taken, as well as the damages, if any, resulting to the residue; and that the burden of showing benefits, if any, accruing to the residue rests upon petitioner. This instruction included a proper, fair statement of the definition of preponderance of the evidence. *Colorado Cent. R. Co. v. Allen,* 13 Colo. 229, 22 Pac. 605.

The court's instruction No. 3 was a proper statement of the laws of this state, which allow just compensation for the taking of private property for public purposes, and entitle the owner to recover the value of his land actually taken and such damages as may be shown by the evidence to the remainder of the land not taken, present and prospective.

The court's instruction No. 4 reads as follows: "In determining the value of the land taken, you are to be governed by its market value at the present time. Neither the unwillingness of the respondent to sell on the one hand, nor the desire of the petitioner to acquire on the other, is to be considered by you. Market value is the price which property will bring when offered for sale by one who desires but is not obliged to sell it, and is bought by one who desires it but is under no necessity of buying. Market value does not mean what property will bring at a forced sale, but means the full, true, fair and actual value of the property. In arriving at the present market value of the property taken and the damages, if any, to the residue, you have a right to consider its present condition, improvements, surroundings, and capabilities and the present use of the land and any reasonable use in the future to which it may be adapted or to which it might be put, by men of ordinary prudence and judgment, and from all the evidence in the case concerning it, determine the real and true value of the property taken and the damages, if any, to the residue occasioned by the taking." We have previously approved such an instruction in *Wassenich v. City and County of Denver,* 67 Colo. 456, 186 Pac. 533, and in this particular we have no reason to find any error.

The court's instruction No. 8 reads as follows: "You are instructed with reference to your findings in connection with damages and benefit that you are to find each as a separate and independent item and that you are not to balance the two, one against the other, but that the balancing will be done by the Court." This instruction merely cautioned the jury to make specific findings in accordance with instruction No. 1; otherwise, there would not have been a strict compliance with chapter 61, section 18, '35 C.S.A. *Pueblo Co. v. Rudd,* 5 Colo. 270; *Denver & R. G. R. R. Co. v. Stark,* 16 Colo. 291, 26 Pac. 779.

 It is to be noted that Noble suffered damages which were caused directly by the construction and widening of the new road. The restoration of the drainage pipe was shown by competent evidence to be necessary and essential for proper use and enjoyment of the residue of the land, and as such, was compensable in condemnation proceedings. *Von Richthofen v. Bijou Co.,* 52 Colo. 527, 125 Pac. 495; *Great Western Railway Co. v. Ackroyd,* 44 Colo. 454, 98 Pac. 726. It was variously estimated and testified to that such damages to the residue amounted to between $89.00 and $135.00. Therefore, the allowance of $100.00 in the verdict was within the scope or range of the evidence.

Having viewed the premises and considered the evidence which supported the award, the jury was amply justified in returning the verdict. Under a well established rule the finding must stand.

(3) Under the circumstances, we can find no error committed by the trial court in overruling the motion for a new trial and entering judgment upon the verdict.

The judgment is affirmed.

. In this case acknowledgment is made of the gratuitous and valuable service of the Honorable Harold M. Webster, district judge, as referee under our Rule of June 9, 1947,