592 P.2d 1338 (1978)
The BOARD OF COUNTY COMMISSIONERS OF GARFIELD COUNTY, State of Colorado and the State Department of Highways, Division of Highways, State of Colorado, Petitioners-Appellees,
v.
Frank DELANEY and Berenice McDonald, as Treasurer of Garfield County, Respondents-Appellants.
No. 78-017.
Colorado Court of Appeals, Div. I.
December 7, 1978.
Rehearing Denied December 28, 1978.
Certiorari Denied April 2, 1979.
*1339 J. D. MacFarlane, Atty. Gen., David W. Robbins, Deputy Atty. Gen., Edward G. Donovan, Sol. Gen., Vicki J. Fowler, Asst. Atty. Gen., Denver, for petitioners-appellees.
Charles M. Stoddard, Glenwood Springs, for respondents-appellants.
BERMAN, Judge.
In this condemnation proceeding, the landowner (Delaney) appeals from the determination of damage to the residue of his property caused by the taking of some 20 acres for the construction of Interstate 70. We reverse.
The original petition in condemnation was filed in 1970 and, after an evidentiary hearing, an order was entered authorizing the State Department of Highways (Department) to take possession of the property.
This property was part of an irrigated tract used for ranching in conjunction with three other noncontiguous tracts owned by Delaney in the same area. Part of the property actually taken was a ditch used to irrigate a portion of the residue. In 1972, during construction of the highway, the Department built a concrete irrigation ditch on the property taken to replace the ditch which had been condemned. It was alleged, however, that this replacement ditch was either so poorly designed or constructed that it failed to function properly which caused repairs to be necessary.
Trial was to a Board of Commissioners in July 1976. Before any evidence was taken the court instructed the board, pursuant to § 38-1-105(2), C.R.S.1973, that questions regarding the propriety of, or objections to any of the evidence could be referred by the board to the court. After one such referral, the court allowed evidence of the cost of repairs to the substituted ditch but limited that evidence to costs in 1970the date of the taking. Upon a subsequent referral, the court found that the tract from which the property was taken was used as a ranch with three other noncontiguous tracts as a unit, but excluded Delaney's evidence of the decrease in value of the residue, as a unit, on the ground that this was evidence of business losses which are not compensable in condemnation. At the conclusion of the testimony, on July 20, 1976, the court entered an order accepting the Department's stipulation granting Delaney a permanent easement in the concrete ditch. The Board found the value of the property actually taken to be $42,598.40 and valued the damage to the residue at $3,681.00.

I.
Delaney first contends that it was error to limit the evidence of the costs of repairing the concrete ditch to the date of the original order of possession. Alternatively, he argues that (1) the court had no authority to enter the ex parte order of July 20, 1976; (2) he is entitled to the total cost of constructing a new ditch system; or (3) he is entitled to damages to the residue as non-irrigated land. We agree that the trial court erred in restricting the evidence of the costs of repairs to 1970 costs, and therefore find it unnecessary to address the alternative arguments.
Although the general rule is that compensation is to be determined as of the date of the order of possession, § 38-1-114, C.R.S.1973, that rule cannot be applied strictly if the result would be fundamentally unfair. "The constitutional requirement of just compensation derives as much content from the basic equitable principles of fairness, . . . as it does from technical concepts of property law." United States v. Fuller, 409 U.S. 488, 93 S.Ct. 801, 35 L.Ed.2d 16 (1973).
*1340 Although the concrete ditch here was completed in 1972, the court below limited evidence of the cost of repair to that ditch to 1970, some two years before that ditch was built. Although the court properly held that these costs of repairs are compensable, see Commissioners v. Noble, 117 Colo. 77, 184 P.2d 142 (1947), it ignored the concept that it is unfair to restrict these costs to any period of time before the condemnee received title to the easement. See United States v. Fuller, supra. This is especially so in light of the fact that one whose land is condemned is entitled to compensation in money, and substituted facilities are proper only upon consent of the condemnee. Von Richtofen v. Bijou Irrigation District, 52 Colo. 527, 125 P. 495 (1911); Great Western Ry. v. Ackroyd, 44 Colo. 454, 98 P. 726 (1908); see also Stuart v. Jefferson County, 25 Colo.App. 568, 139 P. 577 (1914).
Although the Department contends that Delaney in fact consented to the substituted ditch by using it for some four years, he replies that he had no choice because the replacement ditch was the only means available to irrigate his land. And, although Delaney failed to renounce his rights in the concrete ditch during the four year period, cf. Stuart v. Jefferson County, supra, nevertheless, he was entitled to substituted facilities designed and constructed properly. We conclude therefore, that evidence of repair costs to the ditch as of July 20, 1976, the date of the order which provided that Delaney would have a permanent easement in the substituted ditch, was improperly excluded.

II.
Delaney next contends that the trial court erred in excluding his testimony of the decrease in market value of the residue of his properties considered as a unit. Although the court found that the condemnee's four noncontiguous tracts were in fact used as an integrated livestock unit, it excluded his evidence on the ground that such evidence constituted losses of business profits which are not compensable in condemnation. See DURA v. Cook, 186 Colo. 182, 526 P.2d 652 (1974).
Since the lower court's finding that the four tracts were operated as a unit is unchallenged, and since a landowner is generally entitled to testify as to his opinion of the value of his property, see DURA v. Berglund-Cherne Co., Colo., 568 P.2d 478 (1977), the only question before us is whether the business profits rule requires the exclusion of Delaney's tendered evidence.
The tendered evidence consisted of his opinion that the value of the properties as a unit was decreased because of the following factors: The capacity of the properties for raising cattle was reduced; cattle which previously had been herded from one tract to another must now be transported by truck; and additional pens and chutes had to be built as a means of mitigating damages.
There is a distinction between profits derived from the land itself and profits derived from a business conducted on the land. DURA v. Berglund-Cherne Co., supra; Denver v. Quick, 108 Colo. 111, 113 P.2d 999 (1941). See also 4 J. Sackman, Nichol's Law of Eminent Domain § 13.3[2] (rev. 3d ed. 1977). The business profits rule only excludes evidence of the latter. DURA v. Berglund-Cherne Co., supra. In contrast, the business profits rule does not apply to evidence of income received from the sale of cattle which "have" been cared for and fed on the properties condemned. Such evidence is admissible because "the income in question [is] derived from the use of the property itself." Denver v. Quick, supra (emphasis in original). And, it is "[o]nly in limited situations where, for example, the income is derived from the land itself, as in a farming or ranching operation, [that] an exception [to the business profits rule has] been recognized." Denver v. Hinsey, 177 Colo. 178, 493 P.2d 348 (1972) (emphasis added).
Here, a decrease in the cattle carrying capacity of the properties is an indication of a decrease in the productivity of the land itself. The evidence pertaining to this effect therefore, should have been admitted. Denver v. Quick, supra; DURA v. Berglund-Cherne *1341 Co., supra. However, the transportation costs and expensed incurred in building pens and chutes have nothing to do with the productivity of the land itself, and, in light of the above principles, the evidence of those expenses was properly excluded.
The judgment is reversed and the cause is remanded for further proceedings in accordance with the views expressed herein.
COYTE and SMITH, JJ., concur.