**CITY OF GLENDALE, Colorado, a municipal corporation, Petitioner-Appellant and Cross-Appellee,**

**v.**

**Jeanne ROSE, Respondent-Appellee and Cross-Appellant,**

**and**

**Paul Wolf, as Treasurer of Arapahoe County, Colorado, Respondent.**

**No. 82CA1139.**

Colorado Court of Appeals, Div. II.

Sept. 29, 1983.

Rehearing Denied Oct. 27, 1983.

Certiorari Denied April 23, 1984.

Douglas G. McKinnon, Littleton, for petitioner-appellant and cross-appellee.

Richard Kaufman, Aurora, for respondent-appellee and cross-appellant.

SMITH, Judge.

Both parties to this action appeal an order of the district court concerning the date that should be used for valuation of land taken by the city in a condemnation proceeding. The district court entered an order directing the commission of freeholders to value the land by arriving at an average of the value of the parcel on the date of possession, and on the date of the hearing some seven years later. The commission was ordered to assign such average as just compensation for the taking. It is this order which is the subject of appeal. We reverse and remand with instructions.

The essential facts are not in dispute. In May 1974, the city of Glendale initiated condemnation proceedings against certain property of respondent Jeanne Rose. The parties entered into a stipulation for immediate possession which authorized the city of Glendale to take possession and construct the right-of-way. Under the stipulation the city was required to deposit $16,700 with the district court and Rose was concurrently authorized to withdraw that amount in full. The stipulation was approved and made an order of the court. The specified amount was duly deposited by the city and was withdrawn by Rose.

In October 1981, following numerous delays, the district court entered an order in which it stated *inter alia:*

"that the Commission should be required to consider recent valuation of the property, as well as values established in 1974, and then average those values to determine what 'just compensation' would be for this property."

I

■ A valuation hearing scheduled for July 27, 1982, was vacated by agreement, and on July 30, 1982, the parties entered into a second stipulation based upon the district court's 1981 order. The parties agreed in the stipulation that the city's expert witness would have testified that the fair market value of the land in question in 1974, was $16,700, and in 1982 was $74,625. They further agreed that the expert witness for the landowner would have testified that the fair market value in 1974 was $18,850 and that the fair market value in 1982 was $83,000. Further, the parties agreed that pursuant to the October 1981 court order, the commission would have taken an average of the 1974 appraisals and the 1982 appraisals, thereby arriving at a fair market value of $48,300.

The stipulation resolved certain other matters and concluded with an agreement that judgment should enter in accord with the stipulation. This was done in order that both parties might appeal the 1981 order. The city asserts on appeal that only the 1974 property values, *i.e.,* the value on the date of possession, should have been considered in determining the value of the land taken. Rose cross-appeals arguing that only property values relative to the date of the hearing in 1982 should have been considered, or, this argument failing, that the trial court was correct in directing that the value be determined by consideration of comparable values both at the date of hearing and the date of possession.

Section 50–1–17, C.R.S.1963, was in effect at the time this case was filed. It provided in part as follows:

The right to compensation, and the amount thereof, shall be determined as of the date the petitioner is authorized by agreement, stipulation, or court order to take possession, or the date of trial or hearing to assess compensation, whichever is earlier."

It is apparent, therefore, that in accordance with the statute, the date of possession under the initial stipulation would be the controlling date to be used by the commission of freeholders in determining the value of the land taken.

Rose argues, however, that it would be unfair to use the 1974 date as the basis for determining "just compensation" for the land taken. She urges that the commission should be allowed to consider the value of the land as of the date of hearing. She bases her argument on the delay in time between the date of the original possession

and the hearing date, some eight years later.

In support of her argument, she relies almost exclusively upon our decision of *Board of County Commissioners v. Delaney*, 41 Colo.App. 548, 592 P.2d 1338 (1978). We find this reliance to be misplaced.

In *Delaney*, we recognized that damages to the remainder could not always be equitably determined as of the date of the taking, or in some instances, even the date of the hearing. We therefore provided a means of adjustment.

In 1979, § 38–1–114, C.R.S.1973, was amended to provide for situations similar to those found in *Delaney*. That section was amended, in part, to provide, *inter alia:*
"any amount of compensation determined initially shall remain subject to adjustment for one year after the date of the initial determination to provide for additional *damages* or *benefits* not reasonably foreseeable at the time of the initial determination." Section 38–1–114, C.R.S. 1973 (1982 Repl.Vol. 16A) (emphasis supplied)

But, the equitable considerations which led us to adopt the rule in *Delaney, supra*, and which underlie the statutory amendment are applicable *only* to that portion of an award of compensation attributable to "damages to the remainder" and not to the portion allocated to "value of the land taken."

Here, Rose did not seek any award for damages to the remainder, and therefore, the question of damages or benefits to the remainder was not an issue. The sole question was value of the land taken.

██ Eminent domain proceedings are special statutory proceedings, and are to be conducted strictly in accordance with the procedures set forth in the statutes. *See Ossman v. Mountain States Telephone and Telegraph Company*, 184 Colo. 360, 520 P.2d 738 (1974). Accordingly, the determination here of the value of the land taken must be, under the statute, determined as of the date the city obtained possession in 1974. The trial court's order directing that value be determined by averaging values between the date of possession and hearing was erroneous.

██ We assume, however, that a commission or jury of freeholders or the court, acting under the statute, would have determined the actual value of the land taken as being somewhere between $16,700 and $18,850, the amounts the parties stipulated would have been testified to as the 1974 high and low value.

Rose, immediately upon its being deposited, withdrew the $16,700 which has been hers to use or invest as she saw fit during the intervening years. Thus, she is entitled only to the difference between the $16,700 which she withdrew, and the actual fair market value of the land at that time, together with interest on that amount from the date of possession.

The judgment is reversed and the cause is remanded with directions that the trial court, pursuant to the statute, cause a determination to be made of the fair market value of the land taken, as of the 1974 possession date within the range of 1974 values stipulated to by the parties. It is further directed that the trial court thereafter order the condemning authority to pay the difference, if any, between the amount determined to be the value of the land taken, and the amount withdrawn by Rose, together with interest thereon, from the date of possession, until the date of payment of such amount as remains due.

ENOCH, C.J., and STERNBERG, J., concur.