CATHARINE M. HERPEL v. JOHN MALONE ET AL.

*Boundary—Surveyed line—Question for jury.* .

The true location of a disputed section line is a question of fact for a jury where the evidence of the original surveyor and that of a subsequent one are in conflict.

Error to Saginaw. (Gage, J.) Jan. 23.—Jan. 28.

EJECTMENT. Defendants bring error. Reversed.

*Tarsney & Weadock* for appellants.

*Wheeler & McKnight* for appellee. The line run and quarter post set in a government survey, govern : *Britton v. Ferry* 14 Mich. 53 ; their location is a question of fact and not of a surveyor's opinion : *Stewart v. Carleton* 31 Mich. 270 ; *Cronin v Gore* 38 Mich. 381 ; a re-survey is to determine where the original monuments were and not where they ought to have been : *Diehl v. Zanger* 39 Mich. 601.

COOLEY, C. J. This is an action of ejectment. The question in controversy concerned the true location of a certain section line. Twenty-five years ago D. A. Pettibone, a practical surveyor who had then had upwards of ten years' experience, undertook to run this section line, and did so to his satisfaction with the original field-notes before him. He found bearing trees and a blazed line which he believes to be the true line. He was acting at the time in part for John Malone one of the defendants. He was a witness on this trial, and gives many reasons for his belief that he did not err in locating the line. If he was correct, the plaintiff was entitled to recover.

On the other hand Harrison Carey, the county surveyor, had recently, by direction of the board of supervisors of the county, proceeded to " establish "—to use the statutory phrase —the section corner on which the line in question depends, and he locates the line differently. He also professed to be guided by the field-notes.

In submitting the case to the jury the trial judge, after recapitulating to some extent the evidence given by Mr. Pettibone, said to the jury : " It is the opinion of the court that Mr. Pettibone found the true line, and that the line as stated by him should govern, as fixing the north boundary line of the plaintiff's land, and the verdict of the jury may be rendered that way.   There is no question of fact for the jury."

The judge was in error.   The question was peculiarly one of fact ; and however well satisfied the judge may have been of the truthfulness and reliability of Mr. Pettibone's evidence it was not competent to treat it as undisputed and indisputable. . The defendants were contesting it, and the evidence, of Mr. Carey had certainly some tendency to detract from its force.   What weight should be given to the testimony of either of these witnesses only the jury was competent to determine.

A new trial is ordered.

The other Justices concurred.