No. 12,748.

BURNS *v.* LANDRETH.

(19 P. [2d] 493)

Decided February 6, 1933.

Mr. BENJAMIN C. HILLIARD, JR., for plaintiff in error.

Messrs. MUNSON & BECK, for defendant in error.

*In Department.*

MR. JUSTICE MOORE delivered the opinion of the court.

CORA E. Burns, alleging ownership in fee and by adverse possession of certain real estate in Phillips county, brought suit to recover its possession claimed to be wrongfully withheld by defendant. Defendant had judg-

ment on a verdict, to review which this writ is prosecuted.

The errors urged are: Denial of the motion to strike certain portions of the answer; admitting certain testimony; and the giving of instruction No. 2.

Cora E. Burns was the owner in fee of the west half of section 7, and the southwest quarter of section 6, all in township 8 north, range 42 west of the 6th P. M. The defendant owned in fee the southeast quarter of section 12, was part owner of the northeast quarter of section 12 and had rented the southeast quarter of section 1, township 8 north, range 43 west of the 6th P. M., which land adjoins plaintiff's on the west.

A dispute had existed for some time over the boundary line between townships 42 and 43 and two years before, an action was brought under chapter 24 of the Civil Code of the state of Colorado, 1921, to establish the boundary line which affected this and other lands. The plaintiff was not a party to this suit, her husband having been served by mistake, so that the action was not binding upon her. It was therein determined that the actual township boundary line was about thirty or forty rods east of the boundary line as claimed by plaintiff. After this adjudication, the defendant, upon being advised of the correct line, moved his fences over to the public highway, which had been changed to conform to the new line, as a result of which this suit was instituted.

The complaint alleges ownership in plaintiff and that the defendant "wrongfully withholds from the plaintiff that portion of the real property above described which lies immediately West of the Westerly line of a certain road, running northerly and southerly through the land described * * * as claimed to have been established by the Board of County Commissioners of Phillips County, Colorado, and as construed by and under the orders of said Board pursuant to certain alleged road proceedings, during October, A. D. 1928.

"That the plaintiff is now and since on or about the

19th day of March, A. D. 1929, and hitherto, has been entitled to the possession of the real property which the defendant has wrongfully withheld and now wrongfully withholds from her and to the rents and profits thereof,'' and prays for possession and damages.

Defendant answered ''denying that the plaintiff was the owner of any land lying west of the public road or the county road as laid out and established by the Board of County Commissioners, but alleged the fact to be that the said road, as laid out and maintained by the Board of County Commissioners, along the west side of Sections 6 and 7, Township 8, Range 42, was established on the true line dividing Sections 6 and 7, Township 8, Range 42, from Sections 1 and 12, Township 8, Range 43; and that the land taken for the public road was taken one-half from the west side of Sections 6 and 7, Township 8, Range 42, and one-half from the east side of Sections 1 and 12, Township 8, Range 43. In other words, that the county road, a public highway, as established, was the true line dividing Section 6 from Section 1, and Section 7 from Section 12; and that the defendant was the owner of the lands in Sections 1 and 12, and admitting that the plaintiff was the owner of the lands in Sections 6 and 7.''

Plaintiff in her reply denied these allegations and plead the ownership of the strip of land involved by adverse possession for a period of more than twenty years. It thus appears that the property in question is that strip of ground described in the plaintiff's complaint as being west of the public road.

It is urged that the court erred in denying plaintiff's motion to strike paragraph four of the answer. Paragraph four in substance denied that the narrow strip claimed to be owned by plaintiff was actually embraced within the boundaries of the land claimed by the plaintiff in sections 6 and 7, township 8, range 42, but on the contrary, alleged the fact to be that such land so occupied by him was embraced within the boundaries of the east half of section 12, and the southeast quarter of

section 1, township 8, range 43, belonging to and in the possession of the defendant. The paragraph sought to be stricken places directly in issue the ownership of the property involved. It should not have been stricken. 19 C. J. 1075; *Rittmaster v. Brisbane,* 19 Colo. 371, 35 Pac. 736.

■ Counsel for plaintiff in error contend that the court erred in admitting, over objection, certain testimony relating to the dispute existing over the boundary line and the survey and establishment of the true line.

The rule announced in *Herpel v. Malone,* 56 Mich. 199, 22 N. W. 283, is that in an action of ejectment, where there is a controversy as to the true location of a section line, and the line has been differently located by different surveyors, who testify in the case, the true location is to be determined by the jury as a question of fact. See also 19 C. J. 1151-1153; *Maxwell Land Grant Co. v. Dawson,* 151 U. S. 586, 14 Sup. Ct. 458, 38 L. Ed. 279; *McMaster v. Morse,* 18 Utah 21, 55 Pac. 70. Under the law thus announced, which is followed by many other cases not cited, there was no error in the admission of this testimony.

■ It is claimed that the court erred in giving instruction No. 2. This instruction is lengthy and need not be quoted verbatim. It relates to adverse possession and the questioned portion thereof states:

"In other words, where a person claims the title to land by adverse possession, it means that they are not the owner of the land by virtue of their deed, but by virtue of their holding the same intentionally claiming it irrespective of their deed, and with the knowledge of the defendant and his predecessors that they are so holding it; and this condition must exist for twenty years prior to the 19th day of March, 1929, in order for the statute of limitations to be effective in favor of the plaintiff in this case.

"If the land in question is not included in the land described in the plaintiff's deed, when the true line be-

tween the plaintiff's and the defendant's land is established, and if the plaintiff has failed to prove, by a preponderance of the evidence, all of the elements necessary to establish her adverse possession of the said land for twenty years, as you are instructed herein, then and in that case, your verdict should be for the defendant.''

This instruction was given to cover disputed evidence concerning the erection and maintenance of boundary line fences by the plaintiff and her predecessors and other evidence concerning claimed adverse possession. This instruction correctly states the law as announced in *Brownlee v. Williams*, 32 Colo. 502, 77 Pac. 250; *Connell v. Clifford*, 39 Colo. 121, 88 Pac. 850, and *Stearns v. Jewel*, 27 Colo. App. 390, 149 Pac. 846.

Accordingly the judgment is affirmed.

MR. CHIEF JUSTICE ADAMS and MR. JUSTICE BUTLER concur.