[No. 4875.]

### CONNELL ET AL. v. CLIFFORD.

**1. Limitation of Actions—Defense—Must Be Specially Pleaded.**
The defense of the statute of limitations is in the nature of a special privilege, and must be pleaded specially, and, unless so pleaded, it will be deemed waived; and a plea based on one statute will not admit the defense of another statute.—P. 124.

2.  **Real Property — Boundaries — Adverse Possession — Acquies-
    cence—Knowledge.**

   Where, in an action to recover a strip of land adjoining a
boundary line, it is sought to enforce the doctrine of acquiescence
against the plaintiff, it must be shown that he either had knowl-
edge of, consented to, or, by practical location established, the
line which is afterwards sought to be questioned by him.—P. 125.

*Appeal from the District Court of the City and
County of Denver.*

*Hon. Samuel L. Carpenter, Judge.*

Action by Catharine M. Clifford against Ed-
ward Connell and The Eastern Market Company.
From a judgment in favor of plaintiff, defendants
appeal.                                    *Affirmed.*

Mr. HIRAM D. INGERSOLL and Mr. M. B. CAR-
PENTER (Mr. GEO. P. COSTIGAN, of counsel), for ap-
pellants.

Mr. CHARLES A. STOKES and Mr. JESSE H. SHER-
MAN, for appellee.

Mr. JUSTICE MAXWELL delivered the opinion of
the court:

This is an action to recover possession of a strip
of land about five inches in width on the line of
Market street, Denver, running back ninety feet to a
point, claimed by the plaintiff below—appellee here
—to be a part of lot 27, block 41, East Denver. The
complaint was the usual one in cases of this char-
acter. The answer denied that plaintiff was the
owner of the land described; alleged title in defend-
ant as the owner of lot 26, block 41; pleaded the
twenty years statute of limitations; and that for
more than thirty-five years previous to the com-
mencement of this action defendant had been in the
sole, actual, continued, open, notorious, undisputed
and unquestioned occupation and possession of the

premises described, with the full knowledge and acquiescence of plaintiff. A reply denied that the occupation and possession of defendant was with the knowledge or acquiescence of plaintiff, and alleged that plaintiff did not know that defendant was in possession of her land until shortly before the institution of this action. The record discloses a perfect paper title in plaintiff to lot 27, and a like title in defendant to lot 26. Defendant acquired his title in 1867; in 1868 he caused lot 26 to be surveyed by the city surveyor of Denver, and in the same year erected a brick building on the lines determined by the city surveyor to be the true lines of lot 26, and has ever since been in possession of such building and the land occupied by the same, without objection upon the part of plaintiff or her grantors until this action was commenced. It was admitted that defendant's building encroached upon lot 27, and that the land described in the complaint was occupied by one wall of defendant's building. Plaintiff's uncontradicted testimony was to the effect that she never consented to defendant's occupancy of the land in controversy and commenced this action shortly after she discovered the fact of such occupancy. Judgment was for plaintiff.

Counsel for appellant concede that the act of 1893, 3 Mills' (Rev.) Stats., § 2923, cannot be applied to this case, for the reason that to do so would be giving to such act a retrospective effect, contrary to the inhibition of section 11, art. 2, Colorado Constitution. This concession eliminates from consideration the twenty years statute of limitations pleaded in the answer. But counsel for appellant insists that prior to 1893, there being no statute in this state limiting the time within which an action to recover real property might be brought, we must be governed by the common law of England by

virtue of section 4184, Mills' Ann. Stats., which adopted the common law of England and the statute passed in aid thereof which had been enacted prior to the fourth year of James I, March 24, 1607, and that the statute of 32 Henry VIII, chap. 2, passed in 1540, should rule this case. The provision of 32 Henry VIII, chap. 2, relied upon is as follows:

"No person nor persons shall hereafter sue, have or maintain any action for any manors, lands, tenements, or other hereditaments of or upon his or their own seisin or possession therein, above thirty years next before the teste of the original of the same writ hereafter to be brought."

This statute was not pleaded. The appellate courts of this state have repeatedly held that the defense of the statute of limitations is in the nature of a special privilege and must be pleaded specially, and unless so pleaded it will be deemed waived.— *Hexter v. Clifford*, 5 Colo. 168; *Jennings v. Rickard*, 10 Colo. 395; *Blakely v. Fort Lyon Canal Co.*, 31 Colo. 224; *Cuenin v. Halbouer*, 32 Colo. 51; *Adams v. Tucker*, 6 Colo. App. 393.

In *Blakely v. Fort Lyon Canal Co., supra*, it is said, at page 243:

"Counsel for appellants also contend that appellee is barred by the statute of limitations from bringing and maintaining this action, because it appears from the testimony that appellants had been in possession of their water rights for a period of from five to seven years. The plea of the statute, as interposed by the answers, was to the effect that plaintiffs' cause of action did not accrue within six years before the commencement of the suit. The defense of the statute of limitations is affirmative, and must be specially pleaded. The plea as interposed is not good, because the statute upon which it is based does not apply to actions of this character."

The defense of the statute of limitations is affirmative, and must be specially pleaded, and a plea based on one statute will not admit the defense of another statute.

Our conclusion is, that the statute of 32 Henry VIII, chap. 2, cannot be invoked in this case for the reason that it was not pleaded.

Counsel for appellant contend that appellee, and those under whom she claims, having acquiesced for over thirty-five years in the adverse occupation of the land in question by appellant and in his construction and maintenance of valuable improvements thereon, cannot now maintain this action. In the view we take of this case, it is unnecessary to discuss or determine whether the possession of appellant was adverse to appellee or not.

"Acquiescence cannot be presumed unless the owner has, or may be presumed to have, notice of the possession."—*Brown v. Cockrell*, 33 Ala. 38, 47.

"Acquiescence and waiver are always questions of fact; there can be neither without knowledge. The terms import this foundation for such action. One cannot waive or acquiesce in a wrong while ignorant that it has been committed. Current suspicion and rumor are not enough; there must be knowledge of facts which will enable the party to take effectual action. Nothing short of this will do."—*Pence v. Langdon*, 99 U. S. 578, 581.

"Acquiescence is where a person who knows that he is entitled to impeach a transaction or enforce a right neglects to do so for such a length of time that, under the circumstances of the case, the other party may fairly infer he has waived or abandoned his right."—*Scott v. Jackson*, 89 Cal. 262.

Acquiescence implies a knowledge of the facts; there can be no acquiescence without knowledge of the fact or facts alleged to have been acquiesced in.

In the case under consideration there is no evidence in the record to show knowledge upon the part of appellee, or those from whom she derives title, of the fact that appellant had constructed or was maintaining his improvements upon the land in controversy until appellee obtained knowledge of such fact within a short time previous to the commencement of this action. How she ascertained this fact is not disclosed by the record, presumably by an accurate survey of the lines of her lot. The construction and maintenance of appellant's building, one wall of which rested upon appellee's land, was not notice of the fact of such encroachment.

Every authority cited by counsel for appellant has been examined with care; not one of them applies the doctrine of acquiescence to a case wherein the facts are such as are disclosed by this record. Otherwise stated, from an examination of all of the cases cited by counsel it appears that the party against whom the doctrine of acquiescence was enforced either had knowledge of, consented to, or by practical location established the line which was afterwards sought to be questioned by him. Counsel seem to have recognized the principle above announced in that it is alleged in the answer that the occupation and possession of the premises in controversy by appellant was "with the full knowledge and acquiescence of plaintiff, her predecessors and grantors."

There is an entire absence of evidence in the record to sustain this allegation of knowledge upon the part of appellee, or those from whom she derived title. Upon the issues presented by the pleadings and the evidence, the judgment was right and will be affirmed.          *Affirmed.*

CHIEF JUSTICE STEELE and Mr. JUSTICE CASWELL concurring.