No. 8814.

ROGERS v. LOWER CLEAR CREEK DITCH COMPANY.

1. IRRIGATING DITCH—*Way Procured by Consent—Extent of.* A right-of-way for an irrigating ditch, over the lands of another, procured by mere consent of the land owner, without any limit or definition of its extent, is one reasonably necessary for a ditch of the character of that in question. The ditch owner in such case is not at liberty to waste and enlarge unnecessarily the channel of a natural draw which he appropriates as a waste-way. A subsequent owner of the land is not without remedy against such devastation of the premises.

2. *Presumption as to Right-of-way.* After the operation of an irrigating ditch for many years, without objection from the owner of the land over which it is constructed, a presumption will be indulged that the land owner's consent was obtained.

3. DAMAGES TO LAND—*Right of Action for,* vests in the owner, and does not pass by his subsequent conveyance.

4. APPEAL AND ERROR—*Findings on Conflicting Evidence,* will not be reviewed.

5. JUDGMENT—*How Far Conclusive.* Land owner demanding damages for an injury to his land by the operation of an irrigating ditch over it, the extent of the right-of-way for which has never been defined, may have an action to determine the extent and settle the limits of such way.

Judgment for nominal damages, in a previous action for an alleged unlawful devastation of the land by the discharge of waste from the ditch, will be no bar to such action.

*Error to Adams District Court, Hon. H. S. Class, Judge.*

Mr. H. A. HICKS and Mr. CHARLES ROACH, for plaintiff in error.

Mr. HENRY E. MAY, for defendant in error.

Mr. Justice Garrigues delivered the opinion of the court.

THIS is an action for damages to plaintiff's land occasioned by cave-ins of the surface into an artificial gully alleged to have been caused by waste water escaping from defendant's ditch.

When the ditch was constructed in 1867, it crossed a certain wide draw, or slight depression, extending through a practically level country, the general slope of which was towards the Platte river.   This canal is about 8 feet wide on the bottom and where it crossed the draw, a spillway was installed and the draw utilized as a waste ditch.   The waste ditch was essential to the maintenance of the canal, and we recognize no difference between them, in so far as obtaining possession of a right of way is concerned. Originally the draw was about a mile long, with no well defined water course or banks, and received the natural drainage of approximately 1,000 acres of land.   The region is arid, and ordinarily the draw is dry, and may be cultivated and irrigated the same as the adjacent land; but there occur sporadic storms causing floods in the draw of a few hours duration, and two or three such storms have happened in a period of eight or ten years.   Such natural depressions extend generally over the surface of a prairie country, and while this one is a natural water way, in which surface water will collect and flow, in seeking its level, it is lacking in other essentials necessary to constitute a natural water course.

The ditch company had no legal right to turn its waste water into this draw, without first obtaining permission or a right of way over the land from the proprietor.   In 1867 it commenced wasting water into the draw, and has continued to use it as a waste ditch to the present time.   There is no deeded right of way, and what permission, if any, was originally obtained from the owner, is not disclosed.   There was at least no prevention of, or interference with such use.

Originally the draw above and below the canal was of the same general character, but after the company commenced using it, the water cut a channel across plaintiff's land about 25 feet deep and 100 feet wide, with a water course at the bottom about two feet deep and four or five feet wide, made principally by the waste water.   Whether the channel was originally started by a plow furrow or ditch, does not appear.   There is evidence showing that

now the gully is exceedingly crooked, with numerous sharp curves and where the water strikes the banks at the curves, the soil is undermined and washed away, causing the channel to become gradually deeper, more crooked and wider.

Plaintiff purchased the land in 1910 and his evidence shows that since he has owned it, about an acre of the surface soil has been caved in and washed away; about two acres have been rendered valueless, and that the land is worth $200.00 an acre. Defendant introduced a large amount of testimony showing that there had been no material change in the condition of the gully since plaintiff became the owner; tending to show that frost, floods and irrigation of adjacent lands produced the cave-ins complained of, and that the water course in the bottom of the gully has remained about the same as it was when plaintiff purchased the property. The court after hearing the evidence and inspecting the premises, made a finding in favor of, and entered a judgment for plaintiff in the nominal sum of $1.00, and he brings the case here for review.

2.    Defendant in 1867, had a right to acquire possession of a right of way for its waste ditch across the tract. If such possession could not be gained by permission, acquiescence, consent or agreement, it could be obtained by condemnation. *Yunker v. Nichols,* 1 Colo. 551.

It appears that the owner did not prevent the use of such right of way, commencing in 1867, and we will presume at this date that the company obtained possession by consent of the owner and without the necessity of condemnation proceedings. Whatever may be the law in other jurisdictions, it is established in this state that where a ditch owner is permitted, without interference, to construct an irrigating ditch over the land of another, and the ditch is put in use, a right of way is thereby acquired, and the necessity for condemning, to obtain possession, is obviated. *Schilling v. Rominger,* 4 Colo. 100, 105; *Tynon v. Despain,* 22 Colo. 240, 247, 43 Pac. 1039; *Arthur Irr. Co. v. Strayer,* 50 Colo. 371, 375, 115 Pac. 724; *Graybill v. Corlett* 60 Colo. 551, 154 Pac. 730; *De Graffenried v. Savage,* 9 Colo. App.

131, 135, 47 Pac. 902; *Croke v. Am. Nat. Bank*, 18 Colo. App. 3, 6, 70 Pac. 229; *Workman v. Stephenson*, 26 Colo. App. 342, 144 Pac. 1126; *Stuart v. Colo. E. R. Co.*, 61 Colo. 58, 156 Pac. 152.

In *Arthur Irrigation Company v. Strayer*, 50 Colo. 375, 115 Pac. 728, it is said:

"When the owner of lands voluntarily consents to the construction of an irrigating ditch across or over the same, the right of the owner of such ditch to maintain and use the same as built, is absolute against all persons."

In *Craybill v. Corlett*, 60 Colo. 551, 154 Pac. 730, it is said in the syllabus:

"One who, by parol license of the owner of lands constructs a ditch over the same, for the conveyance of water to other lands for the irrigation thereof, has a title equivalent to one acquired by grant."

This of course does not mean that compensation for the taking has necessarily been settled. In *Stuart v. Colo. E. R. Co.*, 61 Colo. 58, 156 Pac. 152, it is said:

"Where a railroad company having power of eminent domain, but without exercising it, constructs its railroad across the land of another without his consent, who does not prevent the wrongful entry, and the railroad is thereafter in actual operation, and payment for the right of way is not made, the owner will be limited to a recovery of the value of the land actually taken and the damages caused by the taking."

Whatever may be the right to compensation for the value of the land taken, and damages to the residue occasioned by the taking, it was a personal one which belonged to the owner. In the instant case, it did not pass by deed to plaintiff, and there is no evidence that he ever acquired such right by assignment from the owner. He took the land in the condition it was in when he acquired title and his right in this action is limited to the damages, if any, which have since accrued. The land was burdened with this right of way when plaintiff purchased it, therefore he was confined in his recovery to the damages, if any, subsequently aris-

ing. Upon this issue the evidence was decidely conflicting, and numerous witnesses testified that there had been no material change on the surface of the land since plaintiff became the owner. The cause was tried to the court, and the judge after hearing the evidence, inspected the premises at the request of the parties, and his findings of fact and judgment thereon will not be reversed. It does not follow, however, because the ditch owner acquired a right of way in this manner, before plaintiff purchased the land, that it can permit the ditch to continue to wash out and enlarge the channel, or if it does that plaintiff will be without a remedy. The right of way acquired, was one reasonably necessary for a ditch of that character; but apparently its limits have never been defined. Until its course and bounds are established, difficulty will arise in determining when a trespass beyond the right of way occurs. If the parties cannot agree upon a definite right of way, then the courts are open for some appropriate proceeding by which one may be surveyed and judicially defined, and if this became necessary, the instant case will not be *res judicata* of that matter, and must be disregarded.

Judgment affirmed.

Chief Justice White and Mr. Justice Scott concur.