No. 22845.

CITY OF ENGLEWOOD, COLORADO, A MUNICIPAL CORPORATION *v.* JOHN W. REFFEL, JR., DOROTHY J. HYNES, JOHN W. REFFEL, AND ALMA L. REFFEL.
(477 P.2d 361)

Decided November 23, 1970.

Myrick, Criswell & Branney, John A. Criswell, for plaintiff in error.

Richard E. Bishop, for defendants in error.

*En Banc.*

Mr. Justice Day delivered the opinion of the Court.

The proceedings involved herein were instituted pursuant to the provisions of C.R.S. 1963, 50-1-1, *et seq.*, as amended. Plaintiff in error, the City of Englewood, was petitioner below seeking to acquire by right of eminent domain six parcels of realty for street purposes. This writ of error relates only to two of those parcels, numbered 4 and 5. The defendants in error were respondents below — John W. Reffel, Jr. and Dorothy J. Hynes were named respondents as to parcel 4, and John W. Reffel and Alma L. Reffel were named respondents as to parcel 5. There was a consolidated trial relating to both of these parcels and the City's claim of error is common to both.

The sole issue presented by the City is whether the trial court committed prejudicial error in refusing to allow the City to introduce into evidence certain reser-

vations in the deeds through which the respondents acquired their record title in order to show diminution in the value of the property taken.

The trial was to a jury to determine the amount of compensation to be awarded the respondents for the taking. Two deeds offered into evidence were from the Urban Land Improvement Co. to each of the respondents. The deed to Parcel 4, after describing the land being conveyed, contains the following provision:

"Excepting and reserving to the grantor, its successor and assigns, a thirty (30) foot non-exclusive easement over the east thirty (30) feet thereof, (South Raritan Street extended) and over the South forty (40) feet thereof (West Yale Avenue extended) as an easement and right-of-way for road and street purposes."

The deed to Parcel 5 contains the following exceptions from the description:

"But expressly excepting and reserving to the grantor, its successors and assigns, a non-exclusive easement and right-of-way over and across the S. forty (40) feet thereof which is West Yale Avenue extended."

The reservation in each of these deeds created an easement for street purposes over the identical ground that was the subject of the taking.

The City made an offer of proof that, had the appraiser been able to consider the effect of the reservations contained within each of these deeds, his opinion as to the market value of each of the parcels being taken would be considerably lower.

The court's ruling on the offer of proof was substantially to the effect that the purpose of the trial to the jury is to find the value in gross of the property being taken, and that any other matters could be determined by the court at a future time.

After hearing evidence as to the value of the property without consideration of the reservations, the jury returned verdicts assessing full value of each parcel as though it were held free of the reservation.

After the jury verdicts were returned, the City filed a motion for a new trial, maintaining that it was error for the court to refuse to allow the City to inquire into the state of the respondents title. This motion was denied by written order in which the court said that "if there is more than one person interested as owner or otherwise in the property, then the nature, extent, or value of said interest is to be determined in a separate and subsequent proceeding."

Thereupon, the City filed a motion in which the City requested the court to schedule a hearing to determine the extent of the appearing respondents' interest, and the value thereof, and alleged that, while the respondents had *some* interest in the two parcels, this interest was not a full, encumbered interest. It further alleged that there was a public interest, the nature, extent and value of which should be determined in a separate and subsequent proceeding.

This motion was heard on March 1, 1967, at which time, in order to show a basis for proceeding in this manner, the City again offered into evidence, for purposes of the motion only, the two deeds involved and made an offer of proof that the prior owners had attempted to plat the ground with a street at the location where the easements were reserved on the deeds, that they were unsuccessful in doing so, that they thereafter deeded the property in this manner for the purpose of having the easement used as a street to serve all of the property.

The trial court, however, denied this motion and refused to schedule a subsequent hearing devoted to this issue. In doing so, the lower court adopted alternative grounds to support its decision, by using the following language:

"Well, the Court is of the opinion that, number one, the City is estopped from attempting to assert that there was in fact a street there; secondly that the reservations in the deed run to the grantor in each case and not to the

public at large; and the City is not entitled to proceed in this area."

■ Although it was not dispositive of the issue of compensable damages to be awarded to the respondents, the trial court ruled correctly that the City was estopped from asserting an interest in itself in the property because there was no averment in the complaint which put in issue the ownership of the property sought to be condemned. We do not, therefore, by this opinion disagree with that portion of the trial court's ruling which enunciated a principle that has been the law of this state since early times. *See Colorado Mtn. Ry. v. Croman,* 16 Colo. .381, 27 P. 256; *Colorado Cent. R. v. Allen,* 13 Colo. 229, 22 P. 605; *G.B. & L. Ry. v. Haggart,* 9 Colo. 346, 12 P. 215; *Knoth v. Barclay,* 8 Colo. 300, 6 P. 924.

A more modern statement of the rule, still in harmony with the early Colorado cases, is the following:

"If the petition names certain parties as the owners of the property sought to be taken, the petitioner is held to have conceded the question of title, and it is unnecessary for the owners to offer proof on that point. *Similarly, the petitioner is estopped from showing that the title is in the public, or in itself by dedication, prescription or otherwise, if it has alleged in its petition that the respondent is the owner.* If the petitioner claims title to the land which it wishes to occupy, a petition for condemnation is not the proper proceeding to institute for the purpose of trying the question." 2 *Nichols, Eminent Domain* § 5.2(2). Citing numerous cases. (Emphasis added.)

■ We hold, however, that the deeds to the parcels of land in question, while not admissible to demonstrate title in the City, should have been admitted into evidence on the question of diminution of value. After establishing the right and necessity to condemn there was still to be determined whether the easements so restricted the potential use of the land that its value to the respondents was diminished.

"It has always been the practice to deny the owner of the fee of land taken by eminent domain the full market value of the land if it was subject to an encumbrance which diminished its value, even if the encumbrance was not of such a nature that the person for whose benefit it was created was entitled to share in the compensation." 4 *Nichols, Eminent Domain* § 12.36(2). Citing cases.

This rule was followed in *Board of Directors v. Calvaresi,* 156 Colo. 173, 397 P.2d 877, an eminent domain proceeding which allowed testimony as to the diminution of the value of land caused by the reservation of an easement allowing the construction of a pipeline through the land of the respondents.

We hold, therefore, that the deeds in question should have been admitted into evidence on the question of value of respondents' interest.

The judgments entered upon the jury verdicts are reversed and the cause remanded for a new trial consonant with the views expressed herein.

MR. JUSTICE KELLEY not participating.