504 P.2d 1112 (1972)
Louis D. ENKE and Kathryn A. Enke, Plaintiffs-Appellants,
v.
The CITY OF GREELEY, Colorado, et al., Defendants-Appellees.
No. 71-441.
Colorado Court of Appeals, Div. I.
October 11, 1972.
Rehearing Denied October 25, 1972.
Certiorari Denied January 22, 1973.
Ramond P. Mecherle, Ronald H. Strahle, Fort Collins, for plaintiffs-appellants.
William E. Bohlender, Greeley, for defendants-appellees.
Selected for Official Publication.
SMITH, Judge.
The City of Greeley, in 1953, installed a twenty inch domestic water line across the property of R. G. Spitzer. Although no written grant of an easement or right-of-way was executed in favor of the City, Mr. Spitzer acquiesced in the construction of the underground water line across his farm. On March 10, 1960, Mr. Spitzer conveyed the property to the plaintiffs, Louis D. and Kathryn A. Enke. The Enkes filed a complaint in November of 1969, under C.R.C.P. 106(a)(2), seeking a writ in the nature of mandamus to compel the defendants, the City of Greeley and its officials, to initiate condemnation proceedings. Plaintiffs alleged that they were entitled to compensation for the value of their property taken for the pipe line and for damages to the remainder occasioned by the taking. Trial resulted in a judgment of dismissal and plaintiffs appeal. We affirm.
The City of Greeley has relied in its brief upon the case of Rogers v. Lower Clear Creek Ditch Co., 63 Colo. 216, 165 P. 248. The law enunciated in that case is dispositive of the issue here. When Spitzer, plaintiffs' grantor, permitted the City of Greeley to construct and operate the pipe line through his land, the City acquired *1113 a vested right-of-way and condemnation was unnecessary. Rogers v. Lower Clear Creek Ditch Co., supra.
Even though the record discloses that no compensation was ever paid to Spitzer, and assuming that he had a right to just compensation for the taking of his land, that right does not devolve upon the plaintiffs by their purchase of the land. The Supreme Court of Colorado in the Rogers case addressed this issue as follows:
"Whatever may be the right to compensation for the value of the land taken and damages to the residue occasioned by the taking, it was a personal one which belonged to the owner. In the instant case, it did not pass by deed to plaintiff, and there is no evidence that he ever acquired such right by assignment from the owner. The took the land in the condition it was in when he acquired title, and his right in this action is limited to the damages, if any, which have since accrued. The land was burdened with this right of way when plaintiff purchased it; therefore he was confined in his recovery to the damages, if any, subsequently arising."
There is no evidence in the record before us to indicate any assignment to the plaintiffs of a right to compensation and thus plaintiffs are limited to those damages or takings which may have occurred since they assumed possession and title to the land. Majestic Heights Company v. Board of County Commissioners of Jefferson County, Colo., 476 P.2d 745; Rogers v. Lower Clear Creek Ditch Company, supra. The record is devoid of any evidence of takings or damages accruing subsequent to the plaintiffs' acquisition of title.
Since this issue is dispositive of the case before us, we find it unnecessary to consider the other assertions of error.
Judgment of dismissal affirmed.
SILVERSTEIN, C. J., and DWYER, J., concur.