515 P.2d 1246 (1973)
Daniel J. MONEN, Jr., Plaintiff-Appellant,
v.
STATE DEPARTMENT OF HIGHWAYS, DIVISION OF HIGHWAYS, State of Colorado, et al., Defendants-Appellees.
No. 73-057.
Colorado Court of Appeals, Div. I.
October 2, 1973.
Rehearing Denied October 24, 1973.
Certiorari Denied December 3, 1973.
Tinsley & Frantz, Mansur Tinsley, Lakewood, for plaintiff-appellant.
John P. Moore, Atty. Gen., Joseph M. Montano, Chief Highway Counsel, Wayne B. Schroeder, Asst. Atty. Gen., Denver, for defendants-appellees.
Selected for Official Publication.
ENOCH, Judge.
Plaintiff-appellant Monen appeals from a judgment dismissing his action seeking to quiet title to rights of access between West 6th Avenue and certain land owned by him. We affirm.
The property in question consists of three contiguous parcels of land bordering West 6th Avenue, which were acquired by Monen in 1968 and 1969. Since 1947 there has been no direct access permitted from the subject property to West 6th Avenue. Monen contends that the Highway Department never acquired title to these access rights, that the rights therefore passed to him by deed, and that he is entitled to bring an action quieting title to the access rights in him.
*1247 A brief history will aid in understanding this case. On June 11, 1942, West 6th Avenue was designated a freeway pursuant to C.R.S.1963, 120-6-1. However, no physical change in the highway occurred prior to 1946 or 1947. In 1946, the Highway Department acquired from plaintiff's predecessors in title a strip of land adjacent to the highway for the purpose of widening West 6th Avenue. Compensation was paid for this land. In the course of the construction project, completed in November 1947, fences which previously enclosed the parcels were removed and relocated, two driveways which provided the only access between the property and West 6th Avenue were closed, and a drainage ditch was constructed separating the highway from the southern boundary of the property. No service road was provided. It appears from the record that Monen's predecessors in title were never compensated for any loss of access resulting from these changes, except for those access rights appurtenant to the easternmost 360 feet of the property, which the Highway Department acquired by court action in 1965. It should be noted that prior to purchasing the property, Monen was advised that West 6th Avenue had been declared a limited access freeway.
The trial court concluded as a matter of law that the right of access of the property was "taken, disturbed, damaged or destroyed in 1947;" that the denial of access in 1947 gave a right of action to the then owners of the property; and that such right of action did not pass with conveyances of the property to Monen. We agree with these conclusions.
There is ample evidence to support the conclusion of the trial court that the taking of access rights in this case occurred not later than 1947. All access routes leading from the property to West 6th Avenue were fenced off during the widening of the highway. A drainage ditch two and ¼ feet deep was installed parallel to the highway and has been maintained at approximately that depth until the present time. The practical and legal effect of these changes was a taking of the access rights associated with the property, even though the Highway Department did not compensate the owners at that time.
An abutting landowner is entitled to compensation when his access is denied or substantially damaged by an extraordinary or unanticipated use of the adjoining public street. Minnequa Lumber Co. v. Denver, 67 Colo. 472, 186 P. 539; Colorado Springs v. Stark, 57 Colo. 384, 140 P. 794. The right to damages, however, accrues to the owner of the land at the time of the taking, and is personal to him unless specifically assigned to subsequent grantees. Majestic Heights Co. v. Board of County Commissioners, 173 Colo. 178, 476 P.2d 745; Enke v. Greeley, 31 Colo.App. 337, 504 P.2d 1112.
Monen argues that because this is an action to quiet title, and not a suit for damages, the present owner of the land is the proper party to bring suit. His theory is that the rights of access were appurtenances necessary to the reasonable enjoyment of the land which were automatically conveyed to him at the time of purchase. However, the access rights in question did not exist after 1947, and therefore could not have been conveyed to Monen by deed. The rights had been taken by the Highway Department pursuant to a properly approved freeway designation. The original owner's only recourse was to sue the Highway Department for the value of the rights so taken or to assign that cause of action to subsequent grantees. Plaintiff presented no evidence of such assignment.
"Whatever may be the right to compensation for the value of the land taken, and damages to the residue occasioned by the taking, it was a personal one which belonged to the owner. In the instant case, it did not pass by deed to plaintiff, and there is no evidence that he ever acquired such right by assignment *1248 from the owner. He took the land in the condition it was in when he acquired title and his right in this action is limited to the damages, if any, which have since accrued." Rogers v. Lower Clear Creek Ditch Co., 63 Colo. 216, 165 P. 248.
The subject property had no appurtenant right of access to West 6th Avenue at the time plaintiff purchased the property, and, therefore, title cannot be quieted in him.
We have considered the other issues raised by appellant and find them to be without merit.
The judgment of the trial court is affirmed.
SILVERSTEIN, C. J., and PIERCE, J., concur.