UPPER EAGLE VALLEY SANITATION
DISTRICT, a quasi-municipal corpora-
tion, Petitioner-Appellant,

v.

Jack CARNIE, Joan T. Carnie,
Respondents-Appellees,

and

Treasurer of Eagle County,
Colorado, Respondent.

No. 80CA0541.

Colorado Court of Appeals,
Div. I.

May 21, 1981.

Rehearing Denied June 18, 1981.

Certiorari Denied Oct. 19, 1981.

Calkins, Kramer, Grimshaw & Harring,
T. Edward Icenogle, Denver, for petitioner-
appellant.

No appearance for respondents-appellees.

COYTE, Judge.

Petitioner filed a condemnation action
pursuant to § 38–1–101, et seq., C.R.S.1973,
alleging that respondents owned certain
land across which petitioner sought to con-
demn an easement for a sewer line. Peti-

tioner now appeals, as excessive, the award granting respondents $1,287.50 for the value of the easement. We affirm.

Petitioner's contention on appeal is that the sewer line in question had been installed across respondents' property 'prior to 1973 when respondents purchased the property, and that since the line was in place when respondents acquired the property, it should only have to pay a nominal amount for the easement.

Respondents purchased the vacant lot in the winter of 1973 when snow was still covering the ground. The plat showed an easement for utilities along the westerly 10 feet of the lot but apparently petitioner had installed the sewer line outside of the described easement area across respondents' lot. Respondents did not discover that the sewer line had been constructed outside the designated easement until they started to build on the lot and found that they could not build on the desired location because of the position of the sewer line.

Petitioner contends that the case of *Rogers v. Lower Clear Creek Ditch Co.*, 63 Colo. 216, 165 P. 248 (1917) and the later case of *Enke v. Greeley*, 31 Colo.App. 337, 504 P.2d 1112 (1972) mandate that only nominal damages may be awarded. These cases are inapposite because here there is no showing that respondents or their predecessors in title knew of or acquiesced in the construction of the line outside of the easement area prior to respondents' acquisition of the property.

The general rule of *Rogers* and *Enke* is that the right to compensation for the value of land taken is a personal right which belongs to the owner at the time of the taking. In *Rogers* and *Enke*, the easements were acquired by acquiescence prior to the conveyance of the property, and thus, the prior owners were entitled to the compensation, and the new owners could only recover for the value of the easement taken if they received an assignment of the claim of the prior owner. Here, however, there was no showing that the land was conveyed subject to an easement for the misplaced sewer line.

In a proper case an easement may be acquired through the acquiescense or silence of a property owner. *Holbrook Irrigation District v. Arkansas Valley Sugar Beet & Irrigated Land Co.*, 42 F.2d 541 (D.Colo.1929). In *Leonard v. Buerger*, 130 Colo. 497, 276 P.2d 986 (1954), the court, quoting from *Rogers, supra*, specifically declared that:

" 'Whatever may be the law in other jurisdictions, it is established in this state that where a ditch owner is permitted, without interference, to construct an irrigating ditch over the land of another, and the ditch i[s] put in use, a right of way is thereby acquired and the necessity for condemning, to obtain possession, is obviated.' "

And, where the land is thus already burdened by such an easement when a purchaser acquires title, he takes that land in that condition when he acquires title and is confined to damages for subsequent takings. *Rogers, supra*.

However, acquiescence implies a knowledge of the facts. *See Connell C. Clifford*, 39 Colo. 121, 88 P. 850 (1907). This principle is implicit in the facts of *Rogers* and the cases which rely upon it.

In *Rogers*, after the ditch company began using the ditch in 1867, waste water cut a channel 25 feet deep and 100 feet wide across the land which plaintiff acquired in 1910. Similarly, in *Majestic Heights Co. v. Board of County Commissioners*, 173 Colo. 178, 476 P.2d 745 (1970) and *Monen v. State Department of Highways*, 33 Colo.App. 69, 515 P.2d 1246 (1973), the nature of the 6th Avenue Freeway as a limited access highway was obvious and known to the subsequent purchaser. These cases all involve an open and visible burden on the land. And, in *Enke, supra*, which involved an underground water line, this court clearly stated that the prior owners had acquiesced in the construction and operation of the line.

However, here, there was no showing that respondents or their predecessors in title knew of the construction of the line outside the easement area prior to respon-

dents' acquisition of the property, and thus, there was no showing that petitioner acquired an easement by acquiescence prior to respondents' acquisition of the property. Prior to this proceeding, petitioner was a trespasser who had only the right to acquire the easement by condemnation. Consequently, respondents, owners of the property at the time of this proceeding, are entitled to the market value of the easement acquired from them by petitioner. Section 38–1–101, et seq., C.R.S.1973. *See Cox Enterprises Ltd. v. Phillips Petroleum Co.*, 550 P.2d 1324 (Okl.1976).

If respondents are not entitled to compensation, then they would suffer a loss and the petitioner would receive a windfall since presumably respondents paid their predecessors in title for the full unburdened property interest. *Cf. Brooks Investment Co. v. City of Bloomington,* 305 Minn. 305, 232 N.W.2d 911 (1975). As stated in *United States v. Fuller*, 409 U.S. 488, 93 S.Ct. 801, 35 L.Ed.2d 16 (1973): "The constitutional requirement of just compensation derives as much content from the basic equitable principles of fairness, . . . as it does from technical concepts of property law." *See Board of County Commissioners v. Delaney*, 41 Colo.App. 548, 592 P.2d 1338 (1978).

In addition, since the petition filed in this action includes the allegation that respondents were the owners of the property and that petitioner desired to acquire an easement therein for its line, petitioner is estopped from asserting that it had already acquired an easement prior to its filing of the present action. *See City of Englewood v. Reffel*, 173 Colo. 203, 477 P.2d 361 (1970).

There was evidence which supports the amount of the award, and since respondents are entitled to more than nominal damages, the amount of the award is binding on us on appeal. *Linley v. Hanson*, 173 Colo. 239, 477 P.2d 453 (1970).

Accordingly, we affirm the judgment of the trial court.

SMITH, J., concurs.

VAN CISE, J., concurs specially.

VAN CISE, Judge, specially concurring:

As this case is postured, the result is correct. Here, the Sanitation District had taken possession by trespass during a previous land ownership, and it had no legal right to use or to retain possession of any of this property. As present owners of the land, the Carnies could have required the District to stop using and to remove the sewer line from the premises. Obviously, to prevent that and to obtain title to the easement, the District instituted this condemnation action, admitted that the Carnies were the owners, and asked the court to fix a fair price to be paid to them for the land interest taken.

Under these circumstances, the District is in no position, at the trial and appeal stages in the proceedings, to claim that it is entitled to a clear title to the easement for next to nothing.