In re the MARRIAGE OF Lore
L. LOCKWOOD, Appellee,

and

Ronald W. Lockwood, Appellant.

No. 92CA0294.

Colorado Court of Appeals,
Div. I.

July 1, 1993.

Stone, Sheehy, Rosen & Byrne, P.C., Ann E. Byrne, Boulder, for appellee.

John E. Kirchner, Colorado Springs, for appellant.

Opinion by Judge METZGER.

Ronald W. Lockwood (husband) appeals the summary judgment vacating a 1978 Wyoming decree which dissolved his marriage to Lore L. Lockwood (wife). We reverse and remand for further proceedings.

In September 1978, husband filed a complaint in a Wyoming district court for dissolution of the parties' 16–year marriage. Service on wife, a citizen and resident of Germany, was attempted by publication. The supporting affidavit listed wife's last known address only as "Berlin, Germany."

In December 1978, husband moved for default based on wife's failure to answer or plead. The attorney's affidavit accompanying that motion stated that "there is no known address" for wife in spite of "search and reasonable diligence."

On December 7, 1978, the default was granted and a hearing was held at which husband appeared and testified. A decree was entered noting wife's default, dissolving the marriage, and relieving husband of further support obligations. The court concluded that it did not have jurisdiction to divide the parties' property because the property was located in Germany.

The Wyoming court file also contained a letter from wife, dated November 11, 1978, and stamped by the court clerk on December 6, 1978. In that letter, wife stated that she had learned of the proceeding but had "not received any form of notification" and would be unable to attend a hearing on December 5. She asked the court to delay the proceedings until she would be "able to receive a notice through the court and gain time to study such notice." She also asked the court to appoint counsel for her. She further stated, "I am not contesting the divorce, but am interested in obtaining financial support for the education of our son...." The dissolution decree contains no acknowledgment of that letter.

In 1979, husband married again. During that year, wife sought and received advice about setting aside the Wyoming decree, but took no further action until 1989 when she learned of husband's whereabouts from one of his relatives.

In 1990, wife filed the present action in Colorado, where husband then resided. She first sought a division of marital property. Husband moved to dismiss that action, and wife then amended her petition and moved for summary judgment.

She asserted that the Wyoming decree was void as based on invalid service in that her full address in Germany had been the same since 1968 and was well known to husband. In support of that assertion she presented her own affidavit. She also provided a letter from husband's former attor-

ney transmitting a copy of the decree, which was mailed to her full, correct address four days after the decree was entered.

In response, husband asserted that Colorado was not the proper forum and that a declaratory judgment action was not the proper proceeding for such an attack on the Wyoming decree. He also argued that there were issues of controverted fact as to the service, that wife's letter to the court was a "general appearance" and waiver of jurisdictional defects, and that laches and estoppel should bar her attempt to set aside the decree.

The trial court concluded that the question was whether the decree should be invalidated for jurisdictional defects. The court noted the Full Faith and Credit Clause of the United States Constitution; that the parties had "gone their separate ways with very little dispute" for 13 years; and that wife's motives were alleged to be "mercenary." The court then stated that: "[T]here remains a serious concern of whether the jurisdiction of Wyoming was obtained, at the least, by gross negligence, and at the most, outright fraud."

The court concluded that wife's right to due process was violated, notwithstanding the lack of dispute over the dissolution or her present motives, and that application of the Full Faith and Credit Clause did not save the decree. On those grounds, the court vacated the decree.

## I.

Husband first contends that "public interest in the finality of family law judgments should bar wife's forum-shopping to obtain retroactive benefits from changes in the law." We find no basis in the record or the law for such a contention.

■ Colorado courts have jurisdiction to determine the validity of a sister state's dissolution decree which is attacked on grounds of insufficient service of process. *In re Marriage of Wilson*, 653 P.2d 85 (Colo.App.1982).

■ A declaratory judgment action is an appropriate means of testing the validity of a decree and resolving an uncertainty as to the legal rights and status of the parties, even if the controversy has not yet ripened into litigation. Sections 13–51–102, 13–51–105 and 13–51–109, C.R.S. (1987 Repl.Vol. 6A); *see American Family Mutual Insurance Co. v. Bowser*, 779 P.2d 1376 (Colo. App.1989).

■ Here, the trial court properly exercised its jurisdiction to review the Wyoming decree in wife's declaratory judgment action. The marital status of the parties was clearly at issue and could be speedily and efficiently resolved through a determination of the validity of the Wyoming decree. *See* § 13–51–102.

Considering the fact that husband's residence is in Colorado, we perceive no public interest issue that should bar such an action in the courts of this state. Nor do we find any support for husband's allegations of forum shopping. Further, the present action concerning the validity of the decree does not raise any issue of retroactive benefits or changes in the law. We decline to speculate whether such issues may arise in a subsequent action between these parties.

## II.

Husband next contends that exceptions to enforcement of the Full Faith and Credit Clause do not create an independent basis for relief from a foreign judgment. To the extent that his contention is intended to suggest that the declaratory judgment action was improper, we have addressed it above. To the extent that husband thereby argues that the decree may not be challenged because of the Full Faith and Credit Clause, we disagree.

The Full Faith and Credit Clause, U.S. Const. art. IV, § 1, provides: "Full Faith and Credit shall be given in each State to the public Acts, Records, and judicial Proceedings of every other State." That constitutional requirement is codified in 28 U.S.C. § 1738 (1988), which provides that authenticated judgments "shall have the same full faith and credit in every court

within the United States ... as they have by law or usage in the courts of such State ... from which they are taken."

However, "[i]f the court of the State which rendered the judgment had no jurisdiction over the person or the subject matter, the jurisdictional infirmity is not saved by the Full Faith and Credit Clause." *New York ex rel. Halvey v. Halvey*, 330 U.S. 610, 614, 67 S.Ct. 903, 906, 91 L.Ed. 1133, 1136 (1947).

■ Here, the law of Wyoming must be applied in determining whether the decree is void. *See Davis v. Davis*, 70 Colo. 37, 197 P. 241 (1921). Husband now admits that the service by publication was defective. And, the Wyoming Supreme Court has determined, in a factually similar case, that a divorce decree obtained after defective service by publication was void. *Emery v. Emery*, 404 P.2d 745 (Wyo.1965). Therefore, we conclude that the judgment vacating the decree was legally correct and was not barred by the terms of the Full Faith and Credit Clause.

## III.

■ Husband also contends, in essence, that wife's action should be treated as an independent equitable action for relief from default judgment and that she should be required to prove: (1) that the judgment ought not, in equity and good conscience, be enforced; (2) that she has a meritorious defense; (3) that fraud, accident, or mistake prevented her from presenting her defense; (4) that there was no fault or negligence on her part; and (5) that she has no adequate remedy at law. We disagree.

Those requirements are imposed on one seeking relief from an otherwise valid default judgment. *See Dudley v. Keller*, 33 Colo.App. 320, 521 P.2d 175 (1974). We are not aware of any authority under either Wyoming or Colorado law that would extend such a burden to one challenging a void judgment.

## IV.

Husband further contends that wife's original petition for division of property admitted the validity of the decree and sought benefits under it, so that she should be estopped from taking an inconsistent position in her amended petition. We disagree.

The original petition was amended as a matter of course and without objection by husband, after husband had moved to dismiss the original petition and before he filed any responsive pleading.

■■■ An amended complaint supersedes the original complaint and becomes the sole statement of the plaintiff's cause of action. *Ireland v. Wynkoop*, 36 Colo. App. 205, 539 P.2d 1349 (1975). Therefore, only the contents of the amended petition are before us, and the principle of judicial estoppel has no application here. *Cf. City of Englewood v. Reffel*, 173 Colo. 203, 477 P.2d 361 (1970).

## V.

Husband additionally contends that wife's attack on the decree should be barred by laches, estoppel, and other equitable principles. We agree that the trial court must reconsider husband's equitable defenses.

■■■ The law of the state in which the decree is attacked may determine whether equitable doctrines will be applied against one challenging a void divorce decree. Restatement (Second) of Conflict of Laws § 74 comment a (1971).

In cases concerning divorce or dissolution of marriage decrees entered in other jurisdictions, Colorado courts are "empowered to amend, modify, set aside, and make new orders as the court may find necessary and proper so as to do justice and equity to all parties to the action according to the public policy of this state...." Section 14–11–101(1), C.R.S. (1987 Repl.Vol. 6B).

■■■ One who accepts and retains the benefits of a void divorce decree cannot afterwards repudiate it to take advantage of its invalidity. *See In re Marriage of Thompson*, 653 P.2d 83 (Colo.App.1982).

Also, a broader concept of estoppel may be applied in some dissolution of marriage cases:

[If] the person attacking the divorce is, in doing so, taking a position inconsistent with his past conduct, or if the parties to the action have relied upon the divorce, and if, in addition, holding the divorce invalid will upset relationships or expectations formed in reliance upon the divorce, then estoppel will preclude calling the divorce in question.

1 H. Clark, *Law of Domestic Relations in the United States* § 13.3 at 744 (2d ed. 1987).

■■■ Here, in granting summary judgment for wife, the trial court concluded that the question before it was the jurisdictional invalidity of the Wyoming decree. That question was fully and properly analyzed. However, that analysis did not reach the equitable defenses raised by husband, based in part on wife's knowledge of the dissolution, her statement that she did not contest it, her inaction over the years, and his own remarriage. Because such equitable matters pertain in determining whether to give effect to an otherwise void dissolution decree but were not considered here, entry of summary judgment was not proper.

## VI.

Husband finally contends that wife's 1978 letter to the Wyoming court was a general appearance, at least as to the court's jurisdiction to dissolve the marriage. We agree that the effect of the letter must be reconsidered on remand.

■■■ A defendant enters a general appearance by seeking relief which acknowledges jurisdiction or by other conduct manifesting consent to jurisdiction. " 'Two requirements must be met to render an act adequate to support the inference that it is an appearance: (1) knowledge of the pending proceeding; (2) an intention to appear.... An appearance is not to be inferred except as a result of acts from

which an intent to do so may properly be inferred.'" *In re Marriage of Noon*, 735 P.2d 884, 885 (Colo.App.1986).

Here, wife's letter informed the court that she had not been served, explained why she would not be present on a certain date, and expressed no intention to do so without proper service. Therefore, we cannot conclude as a matter of law that the letter unambiguously indicated an intention to appear.

However, the letter also stated that wife did not contest the dissolution; arguably, this could manifest consent to the court's jurisdiction. In these circumstances, the question of her intent to appear through the letter should be reconsidered by the trial court after hearing the parties' evidence. Further, even if the letter did not constitute a general appearance, it made plain wife's knowledge of the dissolution and lack of opposition to it. As discussed above, these are factors which may support husband's equitable claim.

The judgment is reversed, and the cause is remanded for further proceedings consistent with the views expressed in this opinion.

PIERCE and DAVIDSON, JJ., concur.